### THE CITTA DI PALERMO. *

(Circuit Court of Appeals, Fifth Circuit. March 9, 1916.)

No. 2842.

SHIPPING 🔑84(3)—LIABILITY OF VESSEL—INJURY TO STEVEDORE.

A steamship *held* liable for injury to a stevedore's employé by the falling of hatch covers, which were of peculiar construction and not properly placed when the ship was turned over to the stevedores for discharging, which peculiarity of construction was known to the officers of the vessel, but was not known nor readily observable by the stevedores.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 350; Dec. Dig. 🔑84(3).]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty by James Robertson against the steamship Citta di Palermo; Walter F. Becker, claimant. Decree for libelant, and claimant appeals. Affirmed.

J. C. Henriques, of New Orleans, La., for appellant.

Frank B. Davenport, Edward Rightor, and Henry W. Robinson, all of New Orleans, La , for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. On consideration of this case in all its aspects, we conclude that the trial judge was right in his conclusions and decree. The evidence shows that, when the ship was turned over to the

Honor stevedores, No. 3 hatch was covered and the covers apparently correctly and safely placed, but further shows that in fact the forward covers of said hatch (of peculiar construction) were not correctly placed according to designs and marks, and were dangerous to use, particularly when the after covers were removed. It also appears that the forward covers were not removed by the stevedores, but, until put in use, remained in place exactly as when the ship was turned over to the stevedores to be loaded. The stevedores had a right to assume that the covers as placed when the ship was turned over to them were properly placed, and, as they were not warned to the contrary, they were not guilty of negligence in using them without close inspection.

The peculiarity of the forward covers and the necessity to have them placed according to marks and numbers was known to the officers of the ship, but was latent so far as the stevedores were concerned, and, as no warning was given at or before the time the said forward covers were put in use, the ship was in fault, and liable for the injury that resulted to appellee when the hatch covers fell.

The decree appealed from is affirmed.